UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-002-FDW

| MICHAEL RAY KING, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| STATE OF NORTH CAROLINA,[1] | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on Petitioner's Petition for Writ of Habeas Corpus, filed under 28 U.S.C. § 2254, (Doc. No. 1), and on Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the petition.

Petitioner placed the instant petition in the prison system for mailing on December 24, 2013, and it was stamp-filed in this Court on January 2, 2014. In the petition, Petitioner challenges the constitutionality of his custody on a state court conviction in Buncombe County Superior Court for intent to sell or deliver cocaine, sale of cocaine, possession of drug paraphernalia, and having obtained the status of habitual felon. Petitioner filed a previous § 2254 petition challenging the constitutionality of his custody on the same state court conviction on November 4, 2013, and this Court has granted summary judgment in favor of Respondent in that action. (1:13cv296, Doc. Nos. 13; 14). Thus, this is the second § 2254 petition filed by

---

[1] Because Petitioner is incarcerated at Franklin Correctional Center, the proper Respondent is the Administrator of that facility.

1

Petitioner challenging the same state court conviction.

The Court first notes that Petitioner's inmate trust account shows that as of December 26, 2013, Petitioner had $16.02 in his inmate trust account. (Doc. No. 2 at 6). The Court will deny Petitioner's motion to proceed in forma pauperis, as Petitioner had sufficient funds with which to pay the $5.00 filing fee when he placed the petition in the prison system for mailing.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this court will consider any successive petition under 28 U.S.C. § 2254. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **DENIED** for the limited purpose of this review.

2. Petitioner's § 2254 petition is **DISMISSED** as a second or successive petition.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: March 26, 2014

Frank D. Whitney
Chief United States District Judge